JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent.
I fear, most respectfully, that the court’s holding is based in large part on a faulty grammatical analysis. As the court says, “[T]his case turns on the meaning of the word ‘used,’ ” supra at 943-44, in the statutory sentence which, simplified for ease of analysis, states: “ ‘Dealer disposition’ does not include disposition of property used in farming.” The court reasons that the word “used” in section 453ffi(2)(A) of the Internal Revenue Code is expressed in the past tense, and therefore must refer to some action accomplished in the past. Id. Therefore, the court reasons, the section must apply only to equipment that has already been used in agriculture, not new equipment that has not yet been used. Id. The court says that in order to reach any other conclusion, it would have to insert the words “to be” in front of “used,” and the court is not at liberty to do so. Id. at 944.
Actually, “used” does not function as the main verb of the sentence, but is a past participle which is part of a subordinate clause modifying the word “property.” That subordinate clause has an implicit passive construction, in which some words have to be supplied to complete the meaning. Part of what is missing from the clause is “that,” the relative pronoun introducing the subordinate clause. See Diana Hacker, The Bedford Handbook § 59b (5th ed.1998) (adjective clauses usually introduced by relative pronoun, which may be implicit). The rest of what is missing is some form of the verb “to be.” See The *946 American Heritage Book of English Usage § 47 (1996) (past participle used with “to be” to form passive voice). The full clause might be “that is used in farming,” in which case the actual tense of the verb would be present. It might be “that will be used in farming,” so that the tense of the verb would be future. It might be “that was used in farming,” which is the version the court has chosen, and this is indeed the past tense. In all three cases, we supply words not included by Congress, whether or not we acknowledge it.
I believe it to be more consistent with ordinary usage to understand the full clause in the present tense, and thus to consider the phrase “property used in farming” to identify a type of property, rather than to refer to the actual history of a particular piece of equipment. Tractors, for instance, are generally used in farming, and so would be covered by the exemption in section 453ffi(2)(A). So should the irri-gators at issue here.
Following the logic of the court’s interpretation, a John Deere combine, even one owned by a farmer, would not be covered by the statutory exemption until it had been used at least once to harvest crops. At the same time, a Jaguar convertible used once to haul hay would become property covered by the exemption. Clearly, the court does not envision such a result. The distinction that the court ultimately espouses, between property in the hands of a dealer and property in the hands of a farmer, does not follow from Congress’s choice of the word “used,” and it does not otherwise appear in the statute. The Internal Revenue Service and the court today have invented it.